2020 IL App (1st) 192279-U

No. 1-19-2279

December 21, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| NACOLE SCOTT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | No. 19 L 50510 |
| THE DIRECTOR OF EMPLOYMENT SECURITY, THE | ) | |
| BOARD OF REVIEW, and ABM INDUSTRY GROUPS, | ) | |
| LLC c/o EMPLOYERS EDGE ANGIE SAMOY, | ) | Honorable |
| | ) | Daniel P. Duffy, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE WALKER delivered the judgment of the court.
Justices Hyman and Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The Board of Review's denial of unemployment benefits is affirmed where plaintiff did not meet the eligibility requirements because she was not able to work during the benefit period due to a medical restriction.

¶ 2    Plaintiff Nacole Scott appeals *pro se* from an order of the circuit court of Cook County affirming a final administrative decision by defendant, the Board of Review of the Department of

Employment Security (Board). The Board found plaintiff ineligible for unemployment insurance benefits because she was not able to work due to a medical restriction, and alternatively, she did not actively seek employment during the benefit period. On appeal, plaintiff challenges the denial of benefits, contending she was eligible for benefits as a seasonal employee. Plaintiff further argues she was on medical leave under the Family and Medical Leave Act (FMLA) which prohibits employers from retaliating against employees for being on medical leave. Plaintiff also argues the Board erred in finding that she contacted only two prospective employers during the benefit period where she contacted four. We affirm.

¶ 3                                      BACKGROUND

¶ 4      The record shows plaintiff was employed as a cleaner/housekeeper with ABM Industry Groups, LLC (ABM) since July 2013. On December 30, 2018, plaintiff applied to the Department of Employment Security (Department) for unemployment insurance benefits. Plaintiff reported that her last day worked was November 20, 2018, when she was laid off for lack of work.

¶ 5      ABM protested plaintiff's claim for benefits. Madison Apodaca, a claims specialist with Employers Edge, ABM's authorized agent, submitted a written response indicating plaintiff's last day of work was January 25, 2019. Plaintiff began an unpaid medical leave of absence on January 29, 2019, and was expected to return to work on February 19, 2019. An extension of the leave of absence required a new doctor's note. Apodaca questioned whether plaintiff met the eligibility requirements for unemployment benefits. ABM asked the Department to determine whether plaintiff was able and available to work, and actively seeking employment, and to issue a decision regarding her eligibility pursuant to section 500C of the Unemployment Insurance Act (Act) (820 ILCS 405/500C (West 2018)). Attached to the written protest was a physician's note indicating

plaintiff was having surgery on January 29, 2019, and she would be "unable to work" from that date through February 19, 2019.

¶ 6    On February 25, 2019, the Department sent plaintiff a "Notice of Interview" informing her there was a question regarding her eligibility for benefits based on whether she was able and available to work. The Department instructed plaintiff to submit a record of her work search since January 27, 2019 prior to her interview.

¶ 7    On March 6, 2019, a Department claims adjudicator conducted an initial telephone interview with plaintiff to assess her eligibility for benefits. During the interview, plaintiff stated she worked for AMB from July 2013 until January 22, 2019, and typically worked 40 hours per week. Plaintiff also stated she was not able or available to work, nor did she actively seek work, from January 22 to February 25 because she was on a medical leave of absence. Plaintiff had surgery on January 29 and was released to return to work on February 25. Plaintiff did not return to work on that date because ABM did not have any openings. Plaintiff returned to work on March 4 when an opening became available. Plaintiff "looked at a few job opportunities" while she was recovering from surgery. Plaintiff submitted a return to work verification from her doctor dated February 15 indicating that she could return to work without restrictions on February 25. Plaintiff also submitted a handwritten list of jobs she searched for from January 7 to February 12. The adjudicator noted that plaintiff's eligibility for benefits after February 25 was not reviewed because plaintiff failed to submit a record of her work search efforts after that date.

¶ 8    The claims adjudicator issued a written determination finding the evidence showed plaintiff had a medical restriction. The adjudicator found plaintiff failed to demonstrate she was able to

work as required by section 500C of the Act. Consequently, plaintiff was ineligible for unemployment insurance benefits from January 22 through February 25.

¶ 9    Plaintiff filed a written request for reconsideration of the claims adjudicator's determination and an appeal to the Department referee. Plaintiff stated she was able and available to work January 26 because her surgery was January 29. She had a doctor's appointment January 22 and was able to return to work the following day. Plaintiff stated she was released from her doctor's care and able to return to work on February 15.

¶ 10    After reconsideration, and based on her original findings and reasoning, the claims adjudicator again concluded plaintiff was ineligible to receive benefits. Plaintiff's appeal was then filed with the Department referee for a telephone hearing.

¶ 11    The Department referee, also known as the Administrative Law Judge (ALJ), George Irizarry conducted a telephone hearing to consider plaintiff's appeal. Irizarry identified the benefit period in question as January 22 through February 25, 2019. Plaintiff testified under oath that she worked full-time the week of January 20 through 26, except for January 22 when she had a doctor's appointment. Her last day of work was January 28 and she had surgery on January 29. Plaintiff testified she was not under a doctor's care the entire time between January 22 and February 25, but instead, she had doctor appointments. Plaintiff's doctor did not restrict her from working for an extended period but gave her one week of leave with restricted movement. She was able to return to work on February 19. ABM did not offer her light duty work following her surgery.

¶ 12    Plaintiff also testified the hospital gave her a doctor's note releasing her to return to work without restrictions on February 15. Plaintiff hand-delivered the note to an unidentified secretary in the ABM office. Plaintiff was able to work the week of February 17 through 23. She returned

to work at ABM on February 25. Plaintiff was a "floater" at ABM and her work schedule varied depending on whether work was available. Irizarry noted that plaintiff's record of her work search indicated that she made two contacts each day on January 22 and 23, but she did not indicate what type of work she was searching for or the results of those contacts. Plaintiff testified she was always looking for a better job. Plaintiff applied for unemployment because she had no benefits or sick leave at ABM.

¶ 13    Reyna Ceja, vice president of human resources at ABM, testified that plaintiff's last day of work was January 25. Plaintiff did not provide ABM with a medical release that allowed her to return to work on February 15. ABM received a doctor's note dated February 15 stating that plaintiff underwent a post-surgery evaluation that day, and she could return to work on February 25, which she did.

¶ 14    In her closing, plaintiff stated she had been searching for a new job because she did not have insurance or sick leave at ABM. ABM initially told plaintiff that she was not eligible for medical leave but approved her leave on January 25 after she fought for it. Plaintiff assumed ABM would give her assistance for sick leave after they approved her leave under the FMLA. Plaintiff's "only purpose" for applying for unemployment was to pay her bills while she was on sick leave for three weeks. Plaintiff stated "I'm not mad about any of it because I know from the 29th through the 2nd…and if it goes to the 9th of February, the unemployment, I could not work. But anything beyond those days, I was eligible to work if I hadn't worked."

¶ 15    Melissa Hill, a hearing representative with Employers Edge, argued in closing that plaintiff was under a medical restriction, and according to her doctor's notes, was unable to work from January 29 to February 19. Work was available had plaintiff been able to work.

¶ 16    ALJ Irizarry issued a written decision affirming the claims adjudicator's determination finding plaintiff not eligible for unemployment benefits. In his factual findings, Irizarry stated that plaintiff's last day worked was January 25, she had surgery on January 29, and thereafter she was under her doctor's care with medical restrictions that prevented her from seeking full-time employment. Irizarry further found plaintiff was released to return to work on February 19 and returned on February 25. Irizarry pointed out that plaintiff filed a work search record listing only two prospective employers for January 22 and 23, which was part of the period under review. Irizarry concluded that plaintiff did not meet the requirements of section 500C of the Act which provides that an employee must be able to work and available for work during the benefit period in question, and must contact several prospective employers each week looking for full-time work without undue restrictions. Accordingly, plaintiff was not eligible to receive unemployment benefits from January 22 through February 25.

¶ 17    Plaintiff appealed Irizarry's decision to the Board with a short written argument. She attached two return to work verification notes signed by doctors. The first was the original note dated February 15 which stated she was having surgery on January 29 and unable to work from that date until February 19. The second note was dated May 10, 2019, and provided she was unable to work from January 29 to February 15 and could return to work February 16 with no restrictions. Plaintiff also attached the handwritten list of her job search record.

¶ 18    The Board reviewed the record, including the transcript from the telephone hearing. It did not consider plaintiff's written argument submitted with her appeal because she did not certify in writing that she had served it upon ABM as required by the Department's regulations. The Board found the record adequately set forth the evidence, and no further evidentiary proceedings were

necessary. In its factual findings, the Board stated that plaintiff worked during the first week under review, except for one day when she had a medical appointment. The following week, plaintiff had surgery. Medical notes in the record stated plaintiff was ordered off work until February 19. Another note stated plaintiff was released to return to work on February 25, and she returned to ABM on that date. The Board further found plaintiff's work search record showed that she made three contacts during the five-week period under review. The Board pointed out that plaintiff had told the claims adjudicator during her initial interview that she was medically unable to work during the period under review and was released to return to work on February 25. Based on this evidence, the Board found plaintiff had worked during the first week of the benefit period and was not medically able to work during the remainder of the period. It further found plaintiff did not actively seek work during the period because she contacted an insufficient number of prospective employers. The Board concluded that pursuant to section 500C of the Act, as well as the Department's regulations, plaintiff was not eligible for benefits from January 22 through February 25 and affirmed the ALJ's decision.

¶ 19    Plaintiff appealed the Board's ruling to the circuit court of Cook County. The court held a hearing and affirmed the Board's decision denying plaintiff unemployment insurance benefits. Plaintiff now appeals.

¶ 20                                    ANALYSIS

¶ 21    Plaintiff contends the Board erred when it did not consider that she was a seasonal employee who was eligible for benefits because she could take off work during the period when the season was slow. She further contends the Board did not recognize that she was on medical leave under the FMLA which prohibits employers from retaliating against employees for being on

medical leave. In addition, plaintiff argues the Board erred in finding that she contacted only two prospective employers during the benefit period where she contacted four.

¶ 22    Defendants respond that plaintiff's claim that she was a seasonal employee is forfeited because she did not raise that argument before the Department. Defendants further argue that the Board's determination that plaintiff was not eligible for unemployment benefits was not clearly erroneous. Defendants contend that the Board correctly found that plaintiff was not able to work because she was on medical leave and restricted from returning to work until February 25. Defendants assert that because plaintiff was medically not able to work, this court need not consider the Board's alternative finding that she was not actively seeking employment during the benefit period. Nevertheless, defendants alternatively argue the Board correctly found that plaintiff was not actively seeking work where she sought five positions on three days during the five-week benefit period, and the work search record she submitted was woefully inadequate.

¶ 23    Initially, we point out that issues or arguments not presented at an administrative hearing are forfeited and cannot be raised for the first time on administrative review. 735 ILCS 5/3-110 (West 2018); *Carpetland U.S.A., Inc. v. Illinois Department of Employment Security*, 201 Ill. 2d 351, 396-97 (2002). This court's review is confined to the issues, arguments and evidence presented before the Board. *Texaco-Cities Service Pipeline Co. v. McGaw*, 182 Ill. 2d 262, 278-79 (1998).

¶ 24    Here, the record shows plaintiff never argued before the ALJ or the Board that she was eligible for benefits as a seasonal employee. Nor did plaintiff raise any issue regarding a possible violation of the FMLA or acts of retaliation by her employer. Accordingly, plaintiff has forfeited these arguments and we decline to consider them on appeal. See *Texaco-Cities*, 182 Ill. 2d at 278.

¶ 25    Plaintiff is challenging the denial of unemployment benefits. This court reviews the final decision of the Board rather than that of the ALJ or the circuit court. *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 22. The Board's factual findings are considered *prima facie* true and correct, and will not be disturbed unless they are against the manifest weight of the evidence. *520 South Michigan Avenue Associates v. Department of Employment Security*, 404 Ill. App. 3d 304, 312 (2010). Under this standard, the Board's factual findings "must stand unless 'the opposite conclusion is clearly evident.' " *Id.* at 313 (quoting *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 204 (1998)). Where the record contains any evidence that supports the Board's factual findings, they are not against the manifest weight of the evidence and must be sustained. *Woods v. Illinois Department of Employment Security*, 2012 IL App (1st) 101639, ¶ 16.

¶ 26    It is the Board's responsibility to weigh the evidence, determine the credibility of the witnesses, and resolve conflicts in the testimony. *Hurst v. Department of Employment Security*, 393 Ill. App. 3d 323, 329 (2009). If the issue on review merely involves conflicting testimony and witness credibility, the Board's determination should be sustained. *Id.* at 318.

¶ 27    Here, the Board found that plaintiff was not eligible for benefits because she was not able to work and did not actively seek work during the benefit period. Whether the facts satisfy the statutory standard is a mixed question of fact and law that is reviewed under the clearly erroneous standard. *Leach v. Department of Employment Security*, 2020 IL App (1st) 190299, ¶ 22. The Board's decision is clearly erroneous where the court reviews the record and definitively concludes that a mistake has been made. *Petrovic*, 2016 IL 118562, ¶ 21.

¶ 28    The purpose of the Act is to provide economic relief to persons who involuntarily become unemployed. *Petrovic*, 2016 IL 118562, ¶ 23 (citing 820 ILCS 405/100 (West 2018)). To receive unemployment benefits, a plaintiff must prove she satisfies the eligibility requirements under the Act. *Lojek v. Department of Employment Security*, 2013 IL App (1st) 120679, ¶ 34. Section 500C of the Act provides, in relevant part, that an unemployed individual is eligible to receive benefits only if she "is able to work, and is available for work; provided that during the period in question [s]he was actively seeking work and [s]he has certified such." 820 ILCS 405/500C (West 2018). The requirement of being "able to work" is defined in the Department's regulations which provide that "[a]n individual is able to work when he is physically and mentally capable of performing work for which he is otherwise qualified." 56 Ill. Adm. Code 2865.105(a) (2018). The regulation further provides that when determining whether a person is able to work, "[t]he focus is upon the individual's condition, the employer's willingness to hire him is not relevant." 56 Ill. Adm. Code 2865.105(b) (2018).

¶ 29    Here, the record shows that the Board's factual finding that plaintiff was not able to work during the benefit period due to a medical restriction was not against the manifest weight of the evidence. Plaintiff testified at the telephone hearing that she worked full-time the week of January 20 through 26, except for January 22 when she had a doctor's appointment. Her last day of work was January 28 and she had surgery on January 29. Ceja testified at the hearing that plaintiff's last day of work prior to her medical leave was January 25. The record contains two return to work verifications from plaintiff's doctors. The first verification, dated January 15, indicated plaintiff was having surgery on January 29 and was "unable to work" from that date through February 19. The second verification, dated February 15, indicated plaintiff underwent a post-surgery evaluation

that day and could return to work on February 25 without restrictions. Ceja testified that plaintiff returned to work on February 25. In its findings, the Board pointed out that plaintiff had told the claims adjudicator during her initial interview that she was medically unable to work during the period under review and was released to return to work on February 25. The Board found the evidence showed that plaintiff worked during the first week of the benefit period and was not medically able to work during the remainder of the period. Our review of the record reveals that the Board's finding that plaintiff was unable to work due to a medical restriction was not against the manifest weight of the evidence. *Woods*, 2012 IL App (1st) 101639, ¶ 16.

¶ 30     Because plaintiff was medically unable to work during the benefit period, she did not satisfy the eligibility requirements to receive benefits pursuant to section 500C of the Act. 820 ILCS 405/500C (West 2018). Hence, whether plaintiff conducted a sufficient search for work during the benefit period is irrelevant, and we need not consider the Board's alternative finding that she did not actively seek employment.

¶ 31     The record thus shows that plaintiff failed to meet her burden of proving her eligibility for benefits under the Act. *Lojek*, 2013 IL App (1st) 120679, ¶ 34. Based on the record, we find that the Board's determination that plaintiff was not eligible for unemployment benefits because she was not able to work was not clearly erroneous. *Leach*, 2020 IL App (1st) 190299, ¶ 22.

¶ 32                                        CONCLUSION

¶ 33     For these reasons, we confirm the final administrative decision of the Board of Review, and affirm the judgment of the circuit court.

¶ 34     Affirmed.